Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/23/2024 09:15 AM CST

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator, v.
Benjamin L. Bramblett, respondent.
___ N.W.2d ___

Filed February 23, 2024.    No. S-23-778.

Original action. Judgment of public reprimand.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the conditional admission filed by Benjamin L. Bramblett, the respondent, on December 29, 2023. The court accepts the respondent's conditional admission and enters an order of public reprimand.

## FACTS

The respondent was admitted to the practice of law in the State of Nebraska on April 8, 2021. At all times relevant to these proceedings, the respondent was engaged in the practice of law in Omaha, Nebraska.

On October 4, 2023, the Counsel for Discipline of the Nebraska Supreme Court, the relator, filed formal charges against the respondent. The formal charges consisted of one count. Pursuant to Neb. Ct. R. § 3-302, the respondent is under the jurisdiction of the Committee on Inquiry of the Second Judicial District.

- 25 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. BRAMBLETT
Cite as 316 Neb. 24

The formal charges generally allege violations relating to competence, communications with persons represented by counsel, respect for rights of third person, and misconduct. The violations arose from a conversation the respondent had with a represented person in which he spoke in a disrespectful and aggressive manner.

The respondent represented the plaintiff, D.A., in the district court for Douglas County, Nebraska, in a dissolution of marriage case. The defendant in that case, A.A., was represented by counsel at all relevant times. On August 20, 2022, the district court entered a temporary order granting the parties joint legal custody of their children, but granting A.A. primary physical custody subject to a parenting time schedule. On September 1, D.A. attempted to pick up the children from school, but fell into a disagreement with A.A. over whether or not he was entitled to parenting time. A.A. made a video and audio recording of a portion of the disagreement using her cell phone. During the disagreement, D.A. called the respondent on his cell phone. While D.A. spoke with the respondent, he asked A.A. whether or not she wanted to speak with the respondent directly on speakerphone. A.A. initially declined, but thereafter agreed to speak directly with the respondent. A verbal exchange took place between A.A. and the respondent. Although the respondent knew that A.A. was represented by counsel, he nevertheless spoke to A.A. in a disrespectful and aggressive manner.

The formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by Neb. Rev. Stat. § 7-104 (Reissue 2022) and violated Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (competence) (rev. 2017), 3-504.2 (communication with person represented by counsel), 3-504.4(a) (respect for rights of third persons), and 3-508.4(a) and (d) (misconduct) (rev. 2016).

On December 29, 2023, the respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313(B) of the

- 26 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
316 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. BRAMBLETT
Cite as 316 Neb. 24

disciplinary rules, in which he conditionally admitted that he violated his oath of office as an attorney and §§ 3-501.1, 3-504.2, 3-504.4(a), and 3-508.4(a) and (d) of the professional conduct rules. In the conditional admission, the respondent admits that his conduct violated the identified rules of professional conduct. The respondent knowingly does not challenge or contest the truth of the matters conditionally asserted and waived all proceedings against him in exchange for a public reprimand.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that the respondent's proposed discipline is appropriate under the facts of this case and consistent with sanctions imposed in other disciplinary cases with similar acts of misconduct.

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

- 27 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. BRAMBLETT
Cite as 316 Neb. 24

Pursuant to § 3-313, and given the conditional admission, we find that the respondent knowingly does not challenge or contest the matters conditionally admitted and has waived proceedings against him in connection therewith. We further determine that by his conduct, the respondent violated §§ 3-501.1 (competence), 3-504.2 (communication with person represented by counsel), 3-504.4(a) (respect for rights of third persons), and 3-508.4(a) and (d) (misconduct) of the professional conduct rules and his oath of office as an attorney licensed in the State of Nebraska. The respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders below.

## CONCLUSION

The respondent is publicly reprimanded. The respondent is directed to pay costs and expenses in accordance with Neb. Ct. R. §§ 3-310(P) (rev. 2023) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.